entific community," when those opinions are a result of proprietary research influenced by an interested party.

There is something not a little offensive about an entity, creating a biased, litigation-driven scientific "orthodoxy," and then being permitted to silence any qualified expert holding a dissenting view on grounds of "unorthodoxy." Where the would-be relevant scientific community is a community beholden to the defendants' litigation interests, that biased community should not be permitted to squelch dissenting opposing opinions. The trial court here properly refused to allow that unjust result to occur.

Hence, I respectfully dissent.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

*ORDER*

PER CURIAM:

Order affirmed.

■

**Fred M. MYERS, Appellant,**

v.

**Bedford F. BOYLSTON, M.D. and Polyclinic Medical Center, Appellees.**

**Fred M. Myers, Appellant,**

v.

**L. Bruce Althouse and Polyclinic Medical Center, Appellees.**

Supreme Court of Pennsylvania.

Argued Dec. 5, 2000.

Decided Dec. 28, 2000.

■

**The SCRANTON TIMES, L.P., Appellant,**

v.

**The SCRANTON SINGLE TAX OFFICE, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 5, 2000.

Decided Dec. 28, 2000.

Frank J. McDonnell, Joseph O. Haggerty, Scranton, for The Scranton Times.

Paul A. Kelly, Scranton, for The Scranton Single Tax Office.

William P. Douglas, Carlisle, for Fred M. Myers.

Gary Todd Lathrop, Joseph P. Hafer, Harrisburg, for appellee.

Andrew Herbert Foulkrod, S. Walter Foulkrod, Harrisburg, for Bedford F. Boylston, M.D.